**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP L. HARMON, | No. 08-55418 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-04237-AHS-OP |
| v. | |
| TIM ANDERSON, Santa Barbara County Sheriff; JASON REES, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Submitted June 8, 2010[**]
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and BREYER, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Santa Barbara County Sheriff Tim Anderson and Deputy Sheriff Jason Rees appeal the district court's order in this 42 U.S.C. § 1983 action denying them summary judgment on the basis of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for entry of judgment in favor of Anderson and Rees in their individual capacities.

The district court erroneously concluded that at the time of Harmon's confinement, it would have been clear to a reasonable officer that housing Harmon with convicted criminals violated Harmon's right to substantive due process. Although Harmon had a right under state law to be housed separately from sentenced prisoners, Cal. Penal Code § 4002, it was not clearly established that he had a similar federal right, which is required for § 1983 liability.

We held for the first time in Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004), that a person held in custody pending an adjudication under California's Sexually Violent Predator Act ("SVPA") "is entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime." It is clear after Jones that if a person held in custody pending SVPA proceedings is "detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under

2

conditions more restrictive than those he or she would face upon commitment," a rebuttable presumption arises that those conditions constitute punishment in violation of the Fourteenth Amendment. Id. at 934.

However, Jones was not decided until after Harmon was transferred out of the Santa Barbara County Jail. Therefore, during the period Harmon was confined in the jail, it was not clearly established that holding Harmon in protective custody would violate Harmon's constitutional rights. See Pearson v. Callahan, ___ U.S. ___, 129 S. Ct. 808, 822-23 (2009).

Harmon argues that Youngberg v. Romeo, 457 U.S. 307 (1982), Bell v. Wolfish, 441 U.S. 520 (1979), and Sharp v. Weston, 233 F.3d 1166 (9th Cir. 2000) compel a contrary result. However, Youngberg involved civilly-committed mentally ill individuals confined for their own good, Bell involved pretrial criminal detainees, and Sharp involved sexually violent predators who were held in a civil commitment center. Those cases did not address whether their standards applied also to an individual pending a hearing under the SVPA who is housed in a law enforcement detention facility such as a jail or a prison, where security risks are higher than in civil commitment facilities.

Therefore, because a reasonable officer would not have understood that he was violating Harmon's constitutional rights by housing him in protective custody

along with sentenced prisoners and treating him the same as those prisoners, Anderson is entitled to qualified immunity.

Rees is also entitled to qualified immunity; he was not deliberately indifferent to a substantial risk of serious harm to Harmon and thus did not violate Harmon's clearly established Fourteenth Amendment rights. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010). Harmon admitted in his deposition that he asked Rees for help in finding his missing glasses, that Rees suspended the privileges of the inmates in Harmon's unit in an attempt to retrieve the glasses, and that there was no evidence that Rees did anything other than try to help. Even though identifying Harmon as the person whose glasses were missing and thus the person responsible for the loss of privileges might have constituted negligence, there is no genuine dispute that Rees did not have the requisite culpable state of mind to support an inference of deliberate indifference. Harmon cites to no case that clearly establishes that Rees could be liable for less than deliberate indifference.

**REVERSED and REMANDED.**